### In re ATWATER.

(District Court, S. D. New York. October 20, 1915.)

BANKRUPTCY ⚖︎136—JURISDICTION OF REFEREE—ORDER REQUIRING BANKRUPT TO TURN OVER PROPERTY.

A referee is without jurisdiction to make an order requiring a bankrupt to turn over property to his trustee, except in proceedings therefor in which the bankrupt is given notice and an opportunity to defend.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⚖︎136.]

In Bankruptcy. On application of William B. Atwater, bankrupt, for writ of habeas corpus. Writ granted.

Earl H. Houghtaling, of Walden, N. Y., for bankrupt.
Reeve Ketcham, of Newburgh, N. Y., for trustee.

AUGUSTUS N. HAND, District Judge. The bankrupt has already made various applications to this court for discharge from imprisonment under an order adjudging him in contempt for failure to turn over property to the trustee. All the prior applications have proceeded upon the assumption that the referee had jurisdiction to make the order requiring the bankrupt to pay over to the trustee the property which he was charged with withholding. There was no formal proceeding against the bankrupt to compel him to turn over property, and the testimony which was taken was all offered and received at the first meeting of creditors. The bankrupt was both examined by the solicitor for the trustee and cross-examined by his own solicitor. He also was allowed to call witnesses on his own

behalf to show that he was not secreting property. It is not clear, however, from the examination of the record before the referee, that the bankrupt was ever apprised of the fact that a motion would be made for an order directing him to turn over property to the trustee, nor does it even appear by the record that any such motion was ever made.

After the testimony was closed, without either formal pleadings defining the issue which should ordinarily be had, or even a motion which the bankrupt, or his solicitor, might know the purpose of, and resist, the referee made an order adjudging that $5,000 still remained in the possession or under the control of the bankrupt, and requiring him to pay over the same to the trustee. This order was reviewed by Judge Hough, but the review was limited, under the objections raised to the order, to the consideration of whether or not the evidence before the referee showed that the bankrupt was accountable for $5,000 to the trustee, and no one has ever before raised the question as to the jurisdiction of the referee to make the order.

It is certainly the duty of this court so far as possible to deal with the real substance and not the mere form of proceedings before it. Although I do not approve of the general practice of making orders like the one under consideration without a petition defining the relief sought, I should uphold the order, were it not for the fact that I can find no evidence in the record that the bankrupt was ever apprised of the purpose of the examination conducted before the referee. He may have known its purpose; but, as the bankrupt's liberty is involved, I feel that there should be indisputable evidence that he fully understood the immediate purpose of the investigation before the referee, and did not consider it a mere general investigation, which might result in some future proceedings to turn over property. I think he was entitled to know, either from a formal petition asking that he turn over property, or from a motion made at the hearing before the referee for an order directing him to turn over property, that the inquiry was for the purpose of obtaining such an order. If he had had such information, it is at least possible that he would have introduced further evidence, and that the referee would have reached a different result.

The record shows, and Judge Hough informs me, that he has never had before him for consideration the question of the jurisdiction of the referee to make the order. The bankrupt did not in my opinion, by seeking to review the order on the merits, waive his right to object to the jurisdiction of the court to make it. The writ of habeas corpus should be sustained, on the ground that the referee never acquired jurisdiction to make the original order, and the prisoner should be discharged. This result is in accordance with the decision of Judge Sanborn in the Circuit Court of Appeals in the well-considered case of In re Rosser, 101 Fed. 562, 41 C. C. A. 497.