## In re DOBBINS.
### No. 38876.

District Court, S. D. New York.
Nov. 1, 1932.

Charles W. Atwater, of New York City, for trustee.

David W. Kahn, of New York City, for bankrupt.

PATTERSON, District Judge.

The application to punish the bankrupt for contempt will be denied.

This is an unusual case. In 1929 the trustee in bankruptcy sought leave to institute ancillary proceedings in another district. Leave was denied by the District Court on condition that the bankrupt pay in the sum of $2,199.33, that being the amount then estimated as necessary to pay all claims in full and administration expenses. The bankrupt did not perform the condition. It is too plain for argument that this order was in no sense an order upon the bankrupt to pay the money; it was merely a stipulation which the bankrupt might or might not comply with. Thereafter the referee entered an order dated July 16, 1929, settling the trustee's account and directing a distribution of the estate. By the final clause of this order the referee directed the bankrupt to pay to the trustee $1,807.16, as the sum necessary to pay claims in full and administration expenses. The referee said in this clause that the order was pursuant to the order of the District Court already referred to. The bankrupt failed to make the required payment, and the present application is to punish her for contempt.

It is essential to the validity of an order to the bankrupt to turn over property that the bankrupt be apprised in some fashion of the fact that such relief has been asked for and that he also be given an opportunity to offer proof in his own behalf. Failing these fundamental requirements of due process, a so-called "turn-over" order is one that the referee or court has no jurisdiction to make. It is a mere nullity. In re Rosser (C. C. A.) 101 F. 562; In re Atwater (D. C.) 227 F. 511. In the cases just referred to, orders to pay over were entered after testimony taken under section 21a of the Bankruptcy Act (11 USCA § 44 (a) or at the first meeting of creditors. No petition, motion, or order to show cause why the money should not be paid over had been filed or served upon the bankrupt. It was held that under such circumstances the order was jurisdictionally defective and that the failure to obey it was not punishable.

In the present case the departure from the regular course was even more marked. There was no petition or order to show cause initiating any proceedings as to property withheld by the bankrupt. There was no notice given to the bankrupt that any such charge was made by the trustee. There was no claim, let alone proof, that property or money was being withheld by the bankrupt. The referee's order was based solely upon a misconstruction of the earlier order by the court. The order was therefore on its face void and beyond the power of the referee, in so far as it directed the bankrupt to pay over money to the trustee.

The application to punish for contempt will be denied. The case is remitted to the referee, with instructions to the trustee to bring the administration of this estate to an expeditious termination.